```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


RICHARDS' REALTY COMPANY, L.L.C. ET AL.        CIVIL ACTION

VERSUS                                         NO: 06-2396

PARAMOUNT DISASTER RECOVERY, INC. ET AL.       SECTION: "R"(5)
```

## ORDER AND REASONS

Before the Court is plaintiffs' motion for reconsideration, and in the alternative, motion to amend. For the following reasons, the Court DENIES plaintiffs' motion for reconsideration and GRANTS plaintiffs leave to amend their complaint.

**I.   BACKGROUND**

Plaintiffs, Richards' Realty Company, L.L.C. and Northshore Apartments, L.L.C., own apartment buildings in Slidell, Louisiana that suffered extensive damage as a result of Hurricane Katrina. In September of 2005, plaintiffs entered into a contract with Paramount Disaster Recovery, Inc. pursuant to which Paramount

agreed to serve as a public adjuster for plaintiffs' insurance claims in return for a contingency fee of 20 percent of any insurance proceeds plaintiffs received.  State Farm determined that it owed plaintiffs $250,000, the policy limit of their flood insurance policy, and it paid twenty percent of the proceeds, or $50,000, to Paramount.

When Pacific Insurance Company, Ltd., plaintiffs' commercial insurer, notified plaintiffs that it was prepared to tender to them $613,617.35 under their commercial policy for wind damage and loss of rent, Paramount contacted Pacific and demanded to be added as a payee to plaintiffs' settlement checks.  On May 5, 2005, plaintiffs sued Paramount and Pacific, seeking declaratory relief and damages. (R. Doc. 1).  In their complaint, plaintiffs allege that their contingency fee contract with Paramount is contrary to Louisiana law, that Paramount has no right to their insurance proceeds, that Paramount illegally converted Northshore's flood policy proceeds, and that Paramount is liable to them for fraud, unjust enrichment, and unfair trade practices. Plaintiffs do not allege that Pacific committed any unlawful conduct.  Pacific deposited the total $613,617.35 into the registry of the Court, and plaintiffs have withdrawn the undisputed amount, $518,879.11.

On August 31, 2006, plaintiffs filed a supplemental and

amending complaint alleging that Pacific breached its contract with plaintiffs.  Plaintiffs allege that their "businesses and related structures sustained loss or damage and a loss of business operation income from hurricane-related wind which was the 'efficient' and/or 'proximate cause' of the damage, and which is a covered peril." (R. Doc. 35 ¶ 6).  Plaintiffs further allege that they have received only partial payment under their policy. (*Id.* ¶ 7).  Plaintiffs allege that their policy is subject to Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695, and therefore they are entitled to the face value stated in their insurance policy. (*Id.* ¶ 8, 11).  Plaintiffs seek damages for breach of contract, penalties and attorneys' fees pursuant to La. Rev. Stat. §§ 22:1220(A)&(C) and 22:658. (*Id.* ¶ 14).

On August 13, 2007, Pacific filed a motion to dismiss plaintiffs' claims.  Finding that plaintiffs had not alleged that they suffered a total loss, and because plaintiffs admitted they incurred non-covered flood damage in addition to wind damage, the Court granted Pacific's motion to dismiss and dismissed plaintiffs' VPL claims, breach of contract claims, and claims for penalties. (R. Doc. 91).  Plaintiffs then filed the present motion for reconsideration, for new trial, and/or to amend.

3

## II.  ANALYSIS

### A.  Reconsideration

The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).  A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quotation omitted).

The Court finds that plaintiffs have not made any arguments in their motion for reconsideration that could not have been offered or raised before the entry of judgment, nor presented any new evidence meriting reconsideration.  In its Order and Reasons dismissing plaintiffs' claims against Pacific, the Court held that plaintiffs' breach of contract claim alleged that they had received partial payment under their policy but, pursuant to Louisiana's VPL, they were entitled to "the face value stated in their insurance policy."  Without the VPL claim, plaintiffs did not allege a breach of contract.

Although plaintiffs contend they asserted a breach of contract claim, the Court reminds plaintiffs that they never alleged that their covered damages exceeded the amounts they were

4

already paid under the policy, a necessary predicate for a breach of contract claim. Plaintiffs merely alleged that they had covered damages but had received only partial payment under the policy limits. Plaintiffs did not allege that they were entitled to the policy limits other than by reference to the VPL, and they did not even allege that their properties were a total loss. Finally, plaintiffs cannot prevail on a claim for penalties without first alleging a breach of contract.

Further, this Court's opinion in *Gates v. Auto Club Family Ins. Co.*, 2007 WL 1464259 (E.D. La. 2007), which plaintiffs belatedly rely upon, does not salvage plaintiffs' insufficient breach of contract claim. First, plaintiffs in *Gates* alleged that their property was rendered a total loss by Hurricane Katrina. They further alleged that they suffered wind damage to their property, a covered loss. Auto Club moved to dismiss because plaintiffs had also suffered flooding as a result of Hurricane Katrina. The Court held that on a motion to dismiss it was premature for the Court to determine that flooding caused all of plaintiffs' uncompensated damage.

**B.  Leave to Amend**

The Court has discretion to grant plaintiffs leave to amend their complaints "when justice so requires." *See* Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying

facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend, however, is not automatic. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).  Factors the Court should consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman,* 371 U.S. at 182; *Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636 (5th Cir. 2007).

After consideration of these factors, the Court grants plaintiffs leave to amend their complaint.  Although Pacific contends that it will be prejudiced because it will have to continue to expend substantial resources litigating this case, the Court does not find that granting leave to amend will cause Pacific undue prejudice.  Pacific also asserts that any amendment would be futile.  Although plaintiffs have not attached their proposed amended complaint, their brief indicates that they will claim that they suffered covered wind damage and business interruption damages that Pacific has not paid under their policy.  If that is the nature of plaintiffs' complaint, they will be able to state a claim for breach of contract.

6

**III. CONCLUSION**

    For the foregoing reasons, the Court DENIES plaintiffs' motion for reconsideration and GRANTS plaintiffs twenty days to amend their complaint.

    New Orleans, Louisiana, this <u>8th</u> day of February, 2008.

                               *Sarah Vance*
                            SARAH S. VANCE
                      UNITED STATES DISTRICT JUDGE